POLICE OFFICERS — — WITNESS FEES Police officers appearing in criminal cases generally are entitled to be paid witness fees provided by law. Exception as to appearances in municipal courts not of record and possible exception as to juvenile proceedings are noted. The Attorney General has had under consideration your request for an opinion on: ". . . Whether or not payment should be made to Police Officers for appearing as witnesses in criminal cases which they investigate as part of their official duties." A general rule applicable to your question is found in 97 C.J.S., Witnesses, 38, as follows: "Allowance of witness' fees to public officers is determined by the statute and whether claimant is within its terms. The fact that one who is subpoenaed and attends as witness is a public officer does not, in itself, generally defeat his right to compensation; if, in the discharge of his official duties, he is not required to be present in person on the trial of a particular case, he is entitled to compensation as a witness if he is called as a witness therein. However, an officer who is called on to testify while present in court in the performance of his official duties is not entitled to compensation. . . ." (Emphasis added) The general rule was quoted and relied upon in a previous Attorney General's opinion dated August 2, 1950, to Honorable R. E. Havens, in which it was held that a sheriff, deputy sheriff, or other salaried county officer could be paid witness fees. That opinion noted that there was no exception as to such officers in our general statutes on witness fees, to wit: (in their most recent codification) 28 O.S. 81 [28-81] and 28 O.S. 82 [28-82] (1970). Amendments to these statutes since 1950 have not added any exception as to public officers and we therefore conclude that the reasoning and holding of the said 1950 opinion remain valid and applicable. We further conclude that the reasoning and holding of said opinion apply to all public officers, including any publicly employed police officers. In answer to your question it is then the opinion of the Attorney General that police officers generally are entitled to and should be paid the regular witness fees provided by law when they appear as witnesses in criminal cases. We note and call to your attention, however, 11 O.S. 958.10 [11-958.10] (1970), which specifically provides that police officers shall not be paid witness fees in municipal courts not of record, and is, thus, clearly an exception to the general rule. We further note and call to your attention 10 O.S. 1124 [10-1124] (1970), relating to juvenile (and therefore not strictly criminal) proceedings, which may be an exception to the general rule. We have found no other statutory provisions to call to your attention as possible exceptions to the general rule, but would point out that the general rule carries with it the proviso that the public officer claiming his fees as a witness must not have been otherwise in attendance on the court. (Hugh H . Collum)